**UNITED STATES of America,**
**Appellee,**

v.

**John Edward JONES, also known as**
**"Liddy," Appellant.**

**No. 74–1056.**

United States Court of Appeals,
Fourth Circuit.

Argued May 7, 1974.

Decided Aug. 5, 1974.

Gerald A. Kroop, Baltimore, Md. [Court-appointed counsel], for appellants.

Peter B. Krauser, Atty., U. S. Dept. of Justice (Henry E. Peterson, Asst. Atty. Gen., Peter M. Shannon, Jr., Atty., U. S. Dept. of Justice, on brief), for appellee.

Before BOREMAN and BRYAN, Senior Circuit Judges and FIELD, Circuit Judge.

PER CURIAM:

This is an appeal by John Edward Jones from his conviction on a charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. Appendix § 1202(a)(1). The crucial evidence was obtained during the execution of a search warrant which authorized a search of a dwelling house for illegal drugs. That a prosecution can be based upon evidence obtained while conducting a search under a *valid* warrant, even though the evidence is not of the kind specified in the warrant, United States v. Teller, 412 F.2d 374 at 379 (7 Cir. 1969), cert. denied, 402 U.S. 949, 91 S.Ct. 1603, 29 L.Ed.2d 118 (1971), is not here disputed. However, Jones moved to suppress the evidence at trial contending that the warrant was issued without probable cause and was therefore *invalid*. The district court upheld the validity of the warrant, denied Jones' motion in a sixteen page memorandum opinion,[1] and a jury found the defendant guilty.

The affidavit submitted to the magistrate in support of the issuance of the search warrant recited the following salient facts. Continuing personal observation of the appellant by the affiants, two narcotics detectives, was maintained for a period of six months. During this time the officers noted certain suspicious actions which could have been drug-related and they personally conferred with Jones on a number of occasions. Information concerning Jones' activities with drugs was provided by at least two informants, one of whom admitted his involvement in the higher echelons of Baltimore drug traffic for a number of years. That informant personally observed the appellant, shortly before the warrant was issued, using and storing cocaine at the premises which were subsequently to be searched. Prior information concerning Jones, supplied by this informant, had been substantiated during the period of observation. On the basis of these facts and other information set forth in the affidavit the search warrant was issued. Apparently no drugs were found but Jones, a convicted felon, was on the premises with a firearm in his possession.

The appellant appeals the denial of his motion to suppress, again asserting the lack of probable cause for the issuance of the warrant. We hold, on the basis of the facts set forth above and the memorandum opinion of the district court, that the test for finding probable cause established in Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and amplified in United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), was met by the affidavit of the two detectives. The district court properly denied the motion to suppress and the judgment of conviction and sentence is affirmed.

Affirmed.

1. United States v. Jones, 359 F.Supp. 1268 (1973).